## IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRIAN NEEFE, individually and | : | |
| As next of friend to LACEY KNUTSEN | : | |
|     Plaintiffs, | : | |
|         v. | : | C.A. No.: 04-366-KAJ |
| | : | |
| GARY LAYFIELD AND DELAWARE | : | JURY TRIAL OF SIX |
| STATE POLICE, | : | DEMANDED |
|     Defendants | : | |

## PLAINTIFF'S INTERROGATORIES DIRECTED
## TO DEFENDANT GARY LAYFIELD

1. Please state your full name, address, and position.
2. State the length of your employment with the Delaware State Police including your duties.
3. State what training you have received regarding the procedure for the stopping, searching, and subsequent arrest of possible offenders. Include the following:
   a. Where the training took place;
   b. Length of time; and
   c. What manual materials, etc. were utilized?
4. Was the defendant at all times relevant to this complaint acting as an agent and employee of the Delaware State Police?
5. Please describe completely how the alleged occurrence happened, giving in chronological order the details of each and every event which had any bearing on the stop, search, and detainment of the plaintiff.
6. Was the plaintiff stopped for a traffic violation? If so, state what the offense was?
   a. Is it police practice to routinely or even occasionally stop, search, and arrest those whom may commit such a traffic violation?

7. Was the plaintiff stopped because a warrant(s) were out for his arrest? If so, why were those warrants issued?
    a. Did you or anyone, to the best of your knowledge, tell the anyone that warrants were out for his arrest?
    b. Was the plaintiff arrested pursuant to a warrant?
    c. Are there any current warrants out for the plaintiff's arrest?
8. Did the defendant have reasonable articulable suspicion that a crime had been, was being, or was about to be committed by the plaintiff? If so, point to specific and articulable facts which reasonably warranted intrusion and detention.
9. Did the plaintiff acquiesce with the defendant's request to stop his vehicle?
    a. Did the plaintiff attempt to flee?
    b. Did the plaintiff answer all questions presented to him?
10. Was the plaintiff searched? If so, why?
    a. Was the plaintiff searched based on subjective impressions or hunches? If not, state the objective rationale for the search.
    b. Please describe each action or activity of the plaintiff which led to the decision to search his person.
    c. Is it the contention of the defendant that the plaintiff by any act or omission intended to cause or contributed to his person being searched? If so, please state in detail each act or omission by the plaintiff which it is contended caused or contributed to the plaintiff being searched.
    d. Was there anything found during the search of plaintiff's person that would justify arresting and detaining the plaintiff? If so, please state what was found.
11. Was the plaintiff's vehicle searched? If so, why?
    a. Did you have a warrant to search the plaintiff's vehicle?
    b. Was the plaintiff's vehicle searched based on subjective impressions or hunches? If not, state the objective rationale for the search.
    c. Please describe each action or activity of the plaintiff which led to the decision to search his vehicle.
    d. Is it the contention of the defendant that the plaintiff by any act or omission caused or contributed to his vehicle being searched? If so, please state in detail

        each act or omission by the plaintiff which it is contended caused or contributed to his vehicle being searched.

    e. Was there anything found during the search of the vehicle that would justify arresting and detaining the plaintiff? If so, please state what was found.

12. Was the plaintiff's child, Lacey Knutsen, searched? If so why?

    a. Was the child searched based on subjective impressions or hunches? If not, state the objective rationale for the search.

    b. Please describe each action or activity of the plaintiff or his child which led to the decision to search the child.

    c. Is it the contention of the defendant that the plaintiff or his child by any act or omission caused or contributed to the child being searched? If so, please state in detail each act or omission by the plaintiff or his child which it is contended caused or contributed to the child being searched.

    d. Was there anything found during the search of the child that would justify arresting and detaining the plaintiff? If so, please state what was found.

13. Were prescription pills found in the plaintiff's vehicle? If so:

    a. Were the prescription pills that the plaintiff possessed prescribed to him?

    b. Were the prescription pills that the plaintiff possessed in their original containers?

    c. Is it reasonable or unlawful to place under arrest and detain individuals for carrying their prescriptions, which are in their name and in the original containers, in their vehicles?

    d. Is it the contention of the defendant that the plaintiff intended to engage in an illegal activity with his prescription medication? If so, please state in detail each act or omission by the plaintiff which it is contended caused or contributed to this belief.

14. Was plaintiff instructed to vacate his vehicle? If so, please state the reason(s) for this decision.

15. Was the plaintiff handcuffed? If so, please state the reason(s) and specific facts which led to this decision.

16. Was the plaintiff placed under arrest?

    a. Was the plaintiff read his Miranda rights? If not, why? If so, did the plaintiff appear to understand them?

    b. Was the plaintiff arrested based on subjective impressions or hunches? If not, please state the objective rationale along with specific facts which led to this decision.

17. Was the arrest made pursuant to probable cause? If so, state the facts that constituted that probable cause?

18. Was the plaintiff taken into custody and detained at Delaware State Troop 7? If so, why? Provide specific facts and reasons for this decision.

19. Was the plaintiff threatened at any time by any member of the police department during the stop, search, or detention? If so, provide the statements made and the individual(s) who made them?

20. Was the defendant acting under color of state law during his initial stop and subsequent search and arrest of the plaintiff?

21. Identify, by full name, address, and telephone number, each and every person having knowledge of the facts and allegations set forth in the Complaint and each individual likely to have discoverable information relevant to disputed facts.

22. With respect to each person identified in your answer to **Interrogatory No. 21,** identify the paragraph or paragraphs of the Complaint that person has knowledge of, and describe how that person came to have knowledge of the facts and allegations in that paragraph of the Complaint.

23. Is the confidential informant who provided the information to the police a reliable source? How do you make this determination? Provide specific facts, cases that the confidential informant has worked on, etc.

24. Has the confidential informant ever been convicted of a crime of dishonesty? If so, state:

    a. The nature of the offense;

    b. The date;

    c. The punishment received;

    d. The name and number of the court proceeding.

25. Have you ever been accused of, plead guilty to, accepted responsibility for, or been found guilty of depriving anyone of their civil rights? If so, state:
    a. The nature of the offense;
    b. The date;
    c. The punishment you received;
    d. The name and number of the court proceeding.

26. State the name, address, employer and address of the employer of each expert, including but not limited to medical personnel, who has been consulted on your behalf in connection with this case and/or in connection with any injuries or damages which you allegedly sustained as a result of the accident.

27. With respect to each individual identified in your answer to the preceding interrogatory, state the following:
    a) The name, address, employer and address of the employer of each individual to whom such expert has directed a written or recorded report in connection with this case;
    b) The date of any written or recorded reports issued by such expert in connection with this case;
    c) The name, address, employer and address of the employer of each individual who presently has custody, possession or control of any report or reports referred to in your answers to the preceding sub-parts;
    d) The field of specialization of each expert, if any; and
    e) The subject matter concerning which the expert was consulted.

28. With respect to each expert, including but not limited to medical personnel, that you expect to call at trial to testify, state the following:

a) The associations or societies of which such expert is a member;

b) The names and addresses of all hospitals, if any, on whose staff such expert has served, or with whom such expert has had courtesy privileges or to whom such expert has served as consultant, including the applicable dates of the same;

c) The field of specialization of such expert, if any;

d) The title, publisher, date and form of all documentary material published by such expert within his field of specialization, if any;

e) The name, address, employer and address of the employer of such expert;

f) A detailed explanation of the subject matter as to which such expert is expected to testify;

g) A detailed explanation of the substance of the facts and opinions to which such expert is expected to testify;

h) A detailed summary of the grounds for each opinion as to which such expert is expected to testify;

i) A detailed explanation of such expert's educational and professional history;

j) The title, published, date, and form of those documentary materials which such expert believes to be the most authoritative with respect to the subject matter and opinions as to which he is expected to testify; and

k) The name, address, present employer, title, and specialty of each individual who instructed such expert in medical school with regard to any subjects related to such expert's present specialization and/or with regard to the subject matter as to which he is expected to testify.

|  |  |
|---|---|
|  | LAW OFFICE OF<br>EDWARD C. GILL, P.A. |
| DATED: 7/20/05 | /s/ Edward C. Gill<br>Edward C. Gill, Esquire<br>Delaware Bar I.D. 2112<br>16 North Bedford Street<br>PO Box 824<br>Georgetown, DE 19947<br>ed@de-law.com<br>(302) 854-5400 |

## IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRIAN NEEFE, individually and | : | |
| As next of friend to LACEY KNUTSEN | : | |
| Plaintiffs, | : | |
| vi. | : | C.A. No.: 04-366-KAJ |
| GARY LAYFIELD AND DELAWARE | : | JURY TRIAL OF SIX |
| STATE POLICE, | : | DEMANDED |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on July 20, 2005, I caused to be delivered by Electronic filing, a true and correct copy of <u>PLAINTIFF'S INTERROGATORIES DIRECTED TO DEFENDANT GARY LAYFIELD</u>

W. Michael Tupman, Esquire
Department of Justice
102 West Water Street
Dover, Delaware  19904

                                      LAW OFFICE OF
                                      EDWARD C. GILL, P.A.

                                      /s/ Edward C. Gill
DATED: 7/20/05                    Edward C. Gill, Esquire
                                      Delaware Bar I.D. 2112
                                      16 North Bedford Street
                                      PO Box 824
                                      Georgetown, DE 19947
                                      ed@de-law.com

(302) 854-5400