## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIAN D. NEEFE, individually and as next of friend to Lacey Knudson, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Civil Action No. 04-366-KAJ |
| RODNEY LAYFIELD and DELAWARE STATE POLICE, ) ) ) | |
| Defendants. ) | |

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the Delaware Department of Justice, on behalf of defendants Sergeant Rodney Layfield ("Layfield") and the Division of State Police ("the Division"), moves for summary judgment in their favor as a matter of law. In support of this motion, the Department of Justice states as follows:

1. On June 16, 2004, plaintiff Brian D. Neefe ("Neefe") filed a complaint alleging that the defendants violated his Fourth Amendment rights when Layfield arrested Neefe on January 23, 2004 allegedly without probable cause. Neefe also alleges a pendent state law claim for unlawful imprisonment.

2. Neefe's federal claims for monetary damages against the Division and against Layfield in his official capacity are barred by the Eleventh Amendment. See Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984).[1] Neefe's pendent state law claim is also barred by

---

[1] Neefe does not seek prospective injunctive relief against Layfield in his official capacity. See Pennhurst, 465 U.S. at 102-03.

the Eleventh Amendment.  See Pennhurst, 465 U.S. at 120.

3.     Neefe cannot sue the Division or Layfield in his official capacity under 42 U.S.C. §1983 because they are not "persons" acting under color of state law for purposes of Section 1983. See Will v. Michigan Department of State Police, 491 U.S. 58 (1989).

4.     Layfield had probable cause to arrest Neefe because Layfield observed Neefe commit several traffic violations. By Delaware statute, a police officer has the authority to "arrest a person without a warrant" for violations of the motor vehicle code "committed in their presence." 21 Del. C. §701(a)(2).  Delaware law clearly authorizes a police officer "to make a custodial arrest for any violation of any motor vehicle law." Traylor v. State, 458 A.2d 1170, 1174 (D. Del. 1983).

5.     Layfield conducted a lawful search of Neefe's person and the interior of his car incident to a custodial arrest. See United States v. Robinson, 414 U.S. 218, 224 (1973) ("a search may be made of the person of the arrestee by virtue of the lawful arrest" and "a search may be made of the area within the control of the arrestee").

6.     Layfield is entitled to qualified immunity from suit because "no constitutional right would have been violated were [Neefe's] allegations established." Saucier v. Katz, 533 U.S. 194, 201 (2001).

7.     Filed together with this Motion is the Defendants' Opening Brief in Support of Their Motion for Summary Judgment.

WHEREFORE, defendants ask this Court to grant summary judgment in their favor as a matter of law and dismiss Neefe's complaint with prejudice.

                                        Respectfully submitted,

                                        /s/ W. Michael Tupman
                                        W. Michael Tupman
                                        Deputy Attorney General
                                        Delaware Department of Justice
                                        102 West Water Street, 3rd Floor
                                        Dover, DE 19901
                                        (302) 739-7641

                                        Attorney for Defendants

Date: August 22, 2005

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 22nd day of August, 2005, I served by electronic filing a copy of the Defendants' Motion for Summary Judgment, and on that same day caused to be served by first-class U.S. mail, postage prepaid, two copies of that motion to:

>Edward C. Gill, Esquire
>16 N. Bedford Street
>P.O. Box 824
>Georgetown, DE 19947
>Counsel of Record for Plaintiff

                                        /s/ W. Michael Tupman
                                        W. Michael Tupman

I:\TUPMAN\FILES\neefe.sj1.wpd