```
         IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
                                DELAWARE



BRIAN D. NEEFE, individually and
As Next Friend to Lacey Knudson,      :

     Plaintiff,                       :

     v.                               :    C.A.No. 04-366-KAJ

                                      :

RODNEY LAYFIELD and                   :
DELAWARE STATE POLICE,
                                      :
     Defendants.                      :
```

**PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

```
                                      LAW OFFICE OF
                                      EDWARD C. GILL, P.A.



                                      _/s/Edward C. Gill_____
                                      Edward C. Gill, Esquire
                                      Attorney for Plaintiffs
                                      Bar I.D. 2112
                                      P.O. Box 824
                                      Georgetown, DE 19947
                                      (302) 854-5400
DATED:                                ed@de-law.com
```

**TABLE OF CONTENTS**

|  | Page |
|---|---|
| TABLE OF CONTENTS | 2 |
| TABLE OF CITATIONS | 3 |
| NATURE AND STAGE OF PROCEEDINGS | 4 |
| SUMMARY OF THE ARGUMENT | 5 |
| STATEMENT OF FACTS | 6-7 |
| ARGUMENT I | 8 |

PLAINTIFF ADMITS THAT THE ELEVENTH AMENDMENT BARS NEEFE'S FEDERAL CLAIM AGAINST THE DELAWARE STATE POLICE AND RODNEY LAYFIELD IN HIS OFFICIAL CAPACITY.  THEREFORE, THE MATTER SHOULD ONLY PROCEED AGAINST RODNEY LAYFIELD IN HIS INDIVIDUAL CAPACITY.

ARGUMENT II                                                        9

PLAINTIFF AGREES THAT HE CANNOT SUE THE DELAWARE STATE POLICE OR LAYFIELD IN HIS OFFICIAL CAPACITY UNDER 42 U.S. CODE SEC. 1983, FOR MONETARY DAMAGES.  THEREFORE, UNDER SEC. 1983, THIS MATTER SHOULD ONLY PROCEED AGAINST DEFENDANT LAYFIELD IN HIS INDIVIDUAL CAPACITY FOR MONETARY DAMAGES.

ARGUMENT III                                                    10-13

THAT DEFENDANT LAYFIELD VIOLATED PLAINTIFF'S CLEARLY ESTABLISHED CONSTITUTIONAL RIGHTS WHEN HE STOPPED PLAINTIFF'S VEHICLE WITHOUT REASONABLE SUSPICION TO DO SO, SEARCHED PLAINTIFF'S VEHICLE, PLAINTIFF, AND PLAINTIFF'S SIX MONTH OLD DAUGHTER, AND ARRESTED PLAINTIFF, ALL WITHOUT PROBABLE CAUSE TO DO SO.

ARGUMENT IV                                                       14

THAT DEFENDANT LAYFIELD IS NOT ENTITLED TO QUALIFIED IMMUNITY SINCE HIS ACTIONS VIOLATED CLEARLY ESTABLISHED CONSTITUTIONAL RIGHTS OF WHICH A REASONABLE PERSON WOULD HAVE KNOWN.

CONCLUSION                                                        15

**TABLE OF CITATIONS**

                                                                 **Page**

**Cases**

Delaware v. Prouse,
440 U.S. 648 (1979)                                                   10

Harlow v. Fitzgerald,
457 U.S. 800 (1982)                                                   14

U.S. v. Birch,
432 F. Supp. 951 (D. Del. 1977)
Aff'd 577 F.2d 729 (3d Cir. 1978)                                     10, 11

Whren v. United States,
517 U.S. 806 (1996)                                                   12, 13

**Statutes**

42 U.S. Code Section 1983                                             5, 9

**STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS**

Plaintiff adopts the Statement of The Nature and Stage of Proceedings set forth in defendant's opening brief.  This is plaintiff's answering brief in opposition to defendant's Motion for Summary Judgment.

**SUMMARY OF ARGUMENT**

I   PLAINTIFF ADMITS THAT THE ELEVENTH AMENDMENT BARS NEEFE'S FEDERAL CLAIM AGAINST THE DELAWARE STATE POLICE AND RODNEY LAYFIELD IN HIS OFFICIAL CAPACITY.  THEREFORE, THE MATTER SHOULD ONLY PROCEED AGAINST RODNEY LAYFIELD IN HIS INDIVIDUAL CAPACITY.

II.  PLAINTIFF AGREES THAT HE CANNOT SUE THE DELAWARE STATE POLICE OR LAYFIELD IN HIS OFFICIAL CAPACITY UNDER 42 U.S. Code Sec. 1983, FOR MONETARY DAMAGES.  THEREFORE, UNDER SEC. 1983, THIS MATTER SHOULD ONLY PROCEED AGAINST DEFENDANT LAYFIELD IN HIS INDIVIDUAL CAPACITY FOR MONETARY DAMAGES.

III. THAT DEFENDANT LAYFIELD VIOLATED PLAINTIFF'S CLEARLY ESTABLISHED CONSTITUTIONAL RIGHTS WHEN HE STOPPED PLAINTIFF'S VEHICLE WITHOUT REASONABLE SUSPICION TO DO SO, SEARCHED PLAINTIFF'S VEHICLE, PLAINTIFF, AND PLAINTIFF'S SIX MONTH OLD DAUGHTER, AND ARRESTED PLAINTIFF, ALL WITHOUT PROBABLE CAUSE TO DO SO.

IV.  THAT DEFENDANT LAYFIELD IS NOT ENTITLED TO QUALIFIED IMMUNITY SINCE HIS ACTIONS VIOLATED CLEARLY ESTABLISHED CONSTITUTIONAL RIGHTS OF WHICH A REASONABLE PERSON WOULD HAVE KNOWN.

**STATEMENT OF FACTS**

The facts set forth in the Statement of Facts are based on the sworn affidavit of Brian Neefe. All references to paragraph numbers shall refer to that affidavit.

On January 23, 2004 Brian Neefe was operating his vehicle on Route One in Sussex County, Delaware. At that time and at that place his six month old daughter, Lacey, was a passenger in the vehicle (Paragraph 1).

Brian Neefe had not agreed to deliver drugs or sell drugs to any person that day. In fact, the only drugs that he had in his vehicle were his own prescription drugs in their proper containers. He had no hypodermic or other types of syringes in his vehicle and no illegal substances in his vehicle whatsoever (Paragraphs 2 and 7).

Mr. Neefe operated his vehicle in a completely lawful manner. He did not violate any motor vehicle laws. He did not go over the fog line or drive his vehicle on the shoulder of the roadway (Paragraph 3).

Despite that, defendant Rodney Layfield of the Delaware State Police stopped Mr. Neefe's vehicle. He proceeded to have Mr. Neefe leave the vehicle. Mr. Neefe was handcuffed, searched, and arrested by defendant Layfield (Paragraphs 4, and 5).

Defendant Layfield proceeded to search Brian Neefe's vehicle. Defendant Layfield also searched Lacey, removing all of her clothing, including her diaper (Paragraph 6).

Brian Neefe was falsely told by defendant Layfield that there were warrants existing for Brian Neefe's arrest. There were no such warrants. Brian Neefe was taken to a Delaware State Police station from the scene. He was later released and no charges were filed (Paragraphs 8 and 9).

## **ARGUMENT I**

    A.   THE ELEVENTH AMENDMENT BARS ANY CLAIM FOR MONETARY DAMAGES AGAINST STATE POLICE OR LAYFIELD.

    Plaintiffs concede that the Eleventh Amendment bars any claims for monetary damages against the Delaware State Police and defendant Layfield in his official capacity. Therefore, this matter should proceed against defendant Layfield in his individual capacity.

## **ARGUMENT II**

    A.   NEEFE CANNOT SUE THE STATE POLICE OR LAYFIELD FOR MONETARY DAMAGES UNDER SECTION 1983.

    Plaintiff concedes that his 42 U.S. Code Section 1983 claim against the State Police and defendant Layfield in an official capacity should be dismissed. Therefore, this matter should proceed against defendant Layfield but only in his individual capacity.

## **ARGUMENT III**

A. DEFENDANT LAYFIELD VIOLATED CLEARLY ESTABLISHED CONSTITUTIONAL RIGHTS OF PLAINTIFFS.

**1. That Layfield lacked reasonable articable suspicion of criminal activity in stopping plaintiff's vehicle.**

In deciding a Motion for Summary Judgment the facts should be taken in a light most favorable to the non-moving party. Therefore, plaintiff will use the facts set forth in plaintiff's affidavit in arguing these issues.

When defendant Layfield stopped plaintiff's vehicle there was no valid reason for him to do so. Plaintiff had not agreed to sell or deliver drugs to any person. He did not violate any motor vehicle code. Therefore, the allegations of defendant Layfield that plaintiff was either going to sell drugs or that he had violated the motor vehicle are false.

To stop a motor vehicle there must reasonable articable suspicion of criminal activity. <u>Delaware v. Prouse</u>, 440 U.S. 648 (1979). Stopping plaintiff without any violates his 4th Amendment rights.

**2. Even if the initial contact was legitimate defendant Layfield's conduct exceeded the scope of what was necessary to accomplish legitimate police purposes in this case.**

Police contact, including searches and detentions, must be limited to that which is reasonable under the

circumstances. U.S. v. Birch, 432 F.Supp. 951 (D.Del. 1977); Aff'd. 577 F.2d 729 (3d Cir. 1978). In this case the police contact under any circumstances went beyond that which was necessary for the limited purposes of an alleged motor vehicle violation.

When there was no traffic ticket or other additional action necessary on behalf of the State Police who were investigating the alleged traffic violation the conduct in removing the plaintiff from his vehicle, searching him, searching the vehicle and the six month old child, and taking the plaintiff to the State Police station under arrest was patently unreasonable. Therefore, defendant's conduct violated this clearly established constitutional right.

**3. There was a lack of probable cause to search plaintiff, his vehicle, and his daughter.**

It goes without citation that probable cause must exist to conduct a search of a person, vehicle, or child. Under the facts as set forth by Mr. Neefe no such probable cause existed. Therefore, this conduct constitutes a clear violation of plaintiff's Fourth Amendment rights.

**4. Defendant's arrest of plaintiff was illegal.**

Similarly, there must be probable cause for the arrest of the plaintiff. It is clear that the plaintiff was arrested when he was handcuffed, placed in the police vehicle and taken into custody. Under the facts of this

case there was no probable cause to arrest the plaintiff. Therefore, defendant violated plaintiff's clearly established Fourth Amendment rights.

**5. Search of six month old Lacey Knudson was without probable cause.**

Defendant did not go so far as to proffer any rationale for the strip search of a six month old child in plaintiff's vehicle. Indeed, defendant denies that such a search took place.

However, under the facts set forth by Brian Neefe the search did take place. There can be no constitutional justification for the search under the circumstances of this case. Therefore, the search of six month old Lacey violated clearly established constitutional requirements for probable cause to search.

**6. Whren v. United States, 517 U.S. 806 (1996), is irrelevant.**

Defendant cites Whren v. United States, 517 U.S. 806 (1996), to argue that a protextual traffic stop is legitimate. Clearly, if the defendant had observed the plaintiff violate motor vehicle laws or any other law of the State of Delaware he would have been justified in stopping the vehicle even if the true purpose behind the stop was to search for violations of the drug laws.

However, in the case at bar that is not the factual scenario. There were no violations of the motor vehicle

code. Defendant Layfield's assertion that plaintiff left his lane of travel and went over the fog line is in fact a false one.

Whren does not give government officials carte blanche to make up motor vehicle violations to justify this stop. Whren only excuses the stops in these circumstance if the motor vehicle violations actually took place. In fact, in all of the cases cited by the defendant violations of the motor vehicle code had in fact occurred.

Therefore, where there was no reasonable articuable suspicion of violation of any law defendant Layfield was not justified in stopping the plaintiff's vehicle.

**ARGUMENT IV**

A. Qualified immunity does not shield defendant Layfield from his violation of plaintiff's constitutional rights.

Defendant Layfield seeks summary judgment on the issue of qualified immunity. The law in this area is that government officials performing discretionary functions are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800 (1982).

This doctrine does not shield defendant Layfield from liability for his wrongful conduct. All of the rights which plaintiff is seeking to protect were clearly established long before the illegal actions complained of in this case.

The right of an individual to be free from having their vehicle stopped without reasonable articuable suspicion that they are committing a crime has been established for over a quarter of a century. The right to not be arrested or searched without probable cause predates even that. Therefore, defendant's claim of qualified immunity should be rejected by this Court.

## CONCLUSION

For the reasons set forth within this brief this Court should dismiss defendant Delaware State Police from this case and allow the case to proceed only against the defendant Rodney Layfield in his individual capacity.

                                                  LAW OFFICE OF
                                                  EDWARD C. GILL, P.A.


                                                  _/s/Edward C. Gill____
                                                  Edward C. Gill, Esquire
                                                  Attorney for Plaintiffs
                                                  Bar I.D. 2112
                                                  16 North Bedford Street
                                                  P.O. Box 824
                                                  Georgetown, De 19947
                                                  854-5400
                                                  ed@de-law.com

DATED:

**AFFIDAVIT**

STATE OF DELAWARE*

COUNTY OF SUSSEX*

  BE IT REMEMBERED that on this 22nd day of September, A.D. 2005, personally appeared before me, a Notary Public for the State and County aforesaid, Brian Neefe, who being duly sworn by me did depose and say:

  1. That on January 23, 2004, I was driving my vehicle north bound on Route 1 in Sussex County, Delaware. My six month old daughter, Lacey, was a passenger in the vehicle at that time.

  2. That I had not agreed to make any drug sale or to deliver any drugs to "Eddie" or any other person. The allegations that I did so are in fact false.

  3. That I drove my vehicle on that date in accordance with all motor vehicle laws. I did not violate any motor vehicle laws. Specifically, I did not leave my lane of travel and go over the fog line and travel on the shoulder of the roadway.

  4. That I was stopped by an officer of the Delaware State Police.

  5. That the officer of the Delaware State Police had me get out of my vehicle, handcuffed me, and placed me in a Delaware State Police vehicle. The officer also searched me.

  6. That the officer of the Delaware State Police, Rodney Layfield, searched my vehicle. He also specifically searched my six month old daughter, Lacey, removing all of her clothing, including her diaper, to accomplish this search.

  7. That I had no illegal substances in my vehicle. I did not have any hypodermic syringes or any other type of syringes in my vehicle. The only drugs which were present

in my vehicle were drugs which were properly prescribed to me and which were in their proper containers.

8. That I was told falsely by Officer Layfield, who upon information and belief I also believe repeated this falsehood to other people, that there were warrants outstanding for my arrest and that was why I was being taken into custody. There were in fact no warrants for my arrest.

9. That I was then taken to the Delaware State Police troop and continued to be detained at the Delaware State Police troop until my eventual release. No charges were filed against me to my knowledge.

/s/ Brian Neefe\_\_\_\_\_
Brian Neefe

SWORN TO and SUBSCRIBED before me the day, month and year aforesaid.

/s/_____
Notary Public

**CERTIFICATE OF SERVICE**

I certify that on September 22, 2005, I served electronically a copy of the Plaintiffs Answering Brief in Opposition of Defendants' Motion for Summary Judgment, and caused to be served by first class mail, postage prepaid two copies of that Answering Brief to:

> W. Michael Tupman, Esquire
> Deputy Attorney General
> Delaware Department of Justice
> 102 West Water Street, 3rd Floor
> Dover, Delaware  19904

/s/ Edward C. Gill_____
Edward C. Gill, Esquire