IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIAN D. NEEFE, individually and as next of friend to Lacey Knutsen, ) ) ) | |
| Plaintiff, ) | |
| vs. ) ) | Civil Action No. 04-366-KAJ |
| ) | |
| RODNEY M. LAYFIELD and DELAWARE STATE POLICE ) ) ) | |
| Defendants. ) | |

## JOINT PROPOSED FINAL PRETRIAL ORDER

This matter comes before the Court at a final pretrial conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure.

**Plaintiff's Counsel:**

Edward C. Gill, Esquire
16 N. Bedford Street
P.O. Box 824
Georgetown, DE 19947
(302) 854-5400


**Defendants' Counsel:**

W. Michael Tupman, Esquire
Department of Justice
102 West Water Street, 3rd Floor
Dover, DE 19904
(302) 739-7641

1

**I.      NATURE OF THE CASE**

Plaintiff sued Sergeant Rodney M. Layfield and the Delaware State Police for the alleged violation of his civil rights under the Fourth Amendment of the United Constitution to be free from unreasonable searches and seizures. Plaintiff alleges that on the night of January 23, 2004, Layfield stopped plaintiff's vehicle while driving north on Route One outside of Rehoboth Beach and arrested him without probable cause. Plaintiff alleges that after the arrest, Layfield conducted an unreasonable search of the interior of plaintiff's car, including his infant daughter, Lacey Knutsen.

Defendants deny that they violated plaintiff's Fourth Amendment rights. Defendants contend that Layfield had probable cause to stop and arrest Neefe, either for violating the State Motor Vehicle Code, or for suspected drug trafficking. Incident to a lawful custodial arrest, Layfield searched plaintiff and the interior of his car. Layfield denies that he searched plaintiff's infant child.

**II.     FEDERAL JURISDICTION**

1.      This is an action for compensatory and punitive damages for the alleged violation of plaintiff's Fourth Amendment rights under the U.S. Constitution.

B.      The jurisdiction of the Court is based on 42 U.S.C. §1983 and is not disputed.

**III.    UNCONTROVERTED FACTS**

1. Plaintiff is the father of Lacey Knutsen, date of birth July 23, 2003, and is acting as her next of friend for purposes of this lawsuit.

2. Defendant Rodney M. Layfield is an individual and a resident of the State of Delaware.

3. On January 23, 2005, plaintiff was driving his car on Route One, north bound, in Sussex County, with Lacey Knutsen as a passenger in the car.

4. Defendant Layfield stopped and arrested plaintiff on January 23, 2004 while plaintiff was driving north on Route One outside of Rehoboth Beach.

5. After stopping plaintiff, Layfield asked him to get out of his car. Layfield then searched the plaintiff's person. Layfield then hand-cuffed plaintiff and placed him in the back seat of Layfield's unmarked vehicle. Layfield then searched the interior passenger areas of plaintiff's car.

6. Layfield then drove plaintiff to Troop 7 for processing.

**IV.    AGREED TO ISSUES OF LAW**

The parties agree that there are issues of law raised by the defendants' motion for summary judgment which remain to be decided by the Court.

**V.    WITNESSES**

    A.    List of witnesses the plaintiff expects to call:

        Brian D. Neefe

        Linda Knutsen

        Sergeant Rodney M. Layfield

        Sergeant Colby A. Cox

        Corporal John J. McColgan

        TFC Lance P. Skinner

        Officer Eric Reuther

Plaintiff will not call any expert witnesses.

    B.    List of witnesses the defendant expects to call:

        Sergeant Rodney M. Layfield
        Delaware State Police, Troop 7
        18006 Coastal Highway
        Lewes, DE 19958

        Sergeant Colby A. Cox
        Delaware State Police, Troop 4
        23652 Shortly Road
        Georgetown, DE 19947

        Corporal John J. McColgan
        Delaware State Police, Troop 4
        23652 Shortly Road
        Georgetown, DE 19947

        Trooper First Class Lance P. Skinner
        Delaware State Police, Troop 4
        23652 Shortly Road
        Georgetown, DE 19947

        Corporal Andrew M. Partyka

      Delaware State Police, Troop 4
      23652 Shortly Road
      Georgetown, DE 19947

Defendants will not call any expert witnesses.

    Defendants reserve the right to call any witness listed on plaintiff's list of witnesses.

    C.    Each of the parties may call such rebuttal witnesses as may be necessary, without prior notice to the other party.

## VI. EXHIBITS

    A.    Plaintiff's Pre-Marked Exhibits with Defendants' Objections

Exhibit 1    Audio-tape of phone calls to plaintiff    Objection    No
(to be submitted in rebuttal if not played
by defendants in defense case)

    B.    Defendants' Pre-Marked Exhibits with Plaintiff's Objections

Exhibit 1    Plexi-glass partition used in State    Objection    Yes. Relevance
Police patrol vehicles (demonstrative only)

    Defendants reserve the right to enter any exhibits on plaintiff's list not objected to, or admitted by the Court over defendants' objection, in its case in chief or in rebuttal. Additional exhibits not listed above, may be offered for rebuttal purposes with the Court's permission. Defendants reserve the right to blow up for use as a demonstrative exhibit any exhibit (plaintiff's or defendants') admitted by the Court into evidence.

## VII. DAMAGES

    1.    Plaintiff seeks $50,000 in compensatory damages.

    2.    Plaintiff seeks $50,000 in punitive damages.

## VII. BIFURCATED TRIAL

The parties do not request a bifurcated trial.

## IX.   TRIAL BRIEFS

Plaintiff moves *in limine* that defendants not be allowed to present any evidence or question any witnesses regarding an accident in which plaintiff was involved and in which his daughter was a passenger.  This evidence has no relevance to this lawsuit and any minor relevance is outweighed by unduly prejudicial effect upon a jury.  Rules 401, 403, Federal Rules of Evidence.

Defendants object to plaintiff's motion *in limine*.  Three months after the arrest that is the basis of this lawsuit, plaintiff was involved in a near-fatal automobile accident while driving with his infant daughter.  Plaintiff's car was totalled, and several passengers of the other vehicle were hospitalized.  This evidence is relevant to the issue of damages.  Plaintiff testified at his deposition that his claim for emotional damages is based on recurring nightmares about his arrest by defendant Layfield, yet he also testified that he has never lost any sleep over a near-fatal car crash for which he was responsible just three months later.

## X.   LIMITATIONS, RESERVATIONS AND OTHER MATTERS

1.   Length of Trial.  The probable length of trial is three days. The case will be listed on the trial calendar to be tried when reached.

Jury  X

Non-Jury _____

2.   Number of Jurors.  There will be six jurors and two alternate jurors.

3.  Jury Voir Dire.  The Court will conduct voir dire.  The parties will submit proposed voir dire questions by separate pleading together with proposed jury instructions and jury verdict form prior to the pre-trial conference pursuant to Local Rules 47.1(a), 51.1(a) and (c).

**IT IS SO ORDERED**, this _____ day of November, 2005 that this Final Pretrial Order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice or for good cause shown.  Such modification may be made either on application of counsel for the parties or on motion of the Court.

_____
Kent A. Jordan
United States District Judge

**APPROVED AS TO FORM AND SUBSTANCE:**

/s/ W. Michael Tupman, Esquire
W. Michael Tupman, Esquire
Deputy Attorney General
Department of Justice
102 West Water Street, 3rd Floor
Dover, DE 19904
(302) 739-7641
Attorney for Defendants

/s/ Edward C. Gill, Esquire
Edward C. Gill, Esquire
16 N. Bedford Street
P.O. Box 824
Georgetown, DE 19947
(302) 854-5400
Attorney for Plaintiff

I:\TUPMAN\FILES\neefe.joint.pretrial.order2.wpd